UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MELISSA M. BARGE,

    Plaintiff,

v.                                          Case No. 3:20cv4945-RV-HTC

FED. NAT'L MORTG. CORP.
and CHOICE LEGAL GRP, P.A.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff, Melissa M. Barge, proceeding *pro se*, initiated this action on March 16, 2020 by filing a civil complaint entitled "Private Right of Action Petition for Writ of Prohibition." ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). For the reasons set forth herein, the undersigned respectfully recommends that this case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and failure to comply with orders of the Court.

Upon review of the complaint, the Court determined that it was deficient for several reasons. First, Plaintiff's complaint was neither on this Court's required civil

complaint form nor accompanied by either the requisite filing fee or a motion for leave to proceed *in forma pauperis* pursuant to Northern District of Florida Local Rule 5.3 ("[a] party who files or removes a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915"). Second, the facts as presented failed to support a viable claim for relief against the named defendants, as Plaintiff's complaint was largely nonsensical and appeared to seek this Court's review of a state court judgment, which is barred under *Rooker-Feldman*. *See Alvarez v. Att'y Gen. for Fla.*, 679 F.3d 1257, 1262 (11th Cir. 2012) (the *Rooker-Feldman* doctrine "is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments").

Thus, on March 25, 2020, the Court issued an order (1) giving Plaintiff thirty (30) days to file an amended complaint on the correct form and either submit an application to proceed *in forma pauperis* or pay the $400.00 filing fee and (2) instructing the clerk to send Plaintiff all the forms necessary to complete these tasks. ECF Doc. 3. The Court further advised Plaintiff that, if she did not believe that she could amend her complaint to assert claims sufficient to invoke this Court's jurisdiction, she may instead file a notice of voluntary dismissal. *Id.* Thirty (30) days passed, and Plaintiff did not file an amended complaint, file an application to

proceed *in forma pauperis*, or pay the filing fee as instructed. She also did not file a notice of voluntary dismissal.

Thus, on May 6, 2020, the Court gave Plaintiff an additional fourteen (14) days to either comply with the Court's March 25 Order by filing the necessary materials or show cause why her case should not be recommended for dismissal for failure to prosecute or comply with an order of the Court. ECF Doc. 4. Plaintiff was warned that failure to respond may result in a recommendation of dismissal of this action without further notice.

The extended deadline to respond has passed, and Plaintiff has not complied with the Court's March 25 or May 6 Orders nor has she responded in any capacity. Indeed, other than filing her initial complaint nearly three (3) months ago, Plaintiff has taken no other action in this case.

Accordingly, it is respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and failure to comply with orders of the Court.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 4th day of June, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:20cv4945-RV-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.